UNITED STATES of America, Plaintiff–Appellee,

v.

Christopher Shannon LAFAYELLE, Defendant–Appellant.

No. 07–50787
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

April 15, 2008.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

R. 47.5.4.

PER CURIAM: *

Christopher Shannon Lafayelle appeals his sentence following his guilty plea conviction for possessing with intent to distribute a quantity of marijuana. He argues that the district court clearly erred in denying him a minor-role adjustment under U.S.S.G. § 3B1.2(b). Lafayelle contends that he was a mere courier who was substantially less culpable than other participants in the offense.

We review the district court's determination of a defendant's role in the offense for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 n. 9 (5th Cir. 2005). To be eligible for a minor-role adjustment, a defendant "must have been peripheral to the advancement of the illicit activity." *United States v. Miranda*, 248 F.3d 434, 447 (5th Cir.2001). In light of Lafayelle's actual involvement in possessing and transporting a distributable quantity of marijuana, the district court did not clearly err in denying an adjustment for a minor role in the offense. *See United States v. Atanda*, 60 F.3d 196, 199 (5th Cir.1995); *United States v. Gallegos*, 868 F.2d 711, 712–13 (5th Cir.1989). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.